IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| JESSICA BLANTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES INC.,<br><br>Defendant. | Civil Action No. 1:24-cv-484 |

ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Jessica Blanton files this Original Class Action Complaint against United Healthcare Services Inc. ("Defendant") and in support states the following:

NATURE OF THIS LAWSUIT

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("**FLSA**"), and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, *et seq.* ("**NMMWA**"). Plaintiff's state law claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff's claims arise out of Defendant's failure to pay overtime to Plaintiff and similarly situated individuals when they worked over 40 hours in individual workweeks, in violation of the FLSA and NMMWA.

FACTUAL ALLEGATIONS

2. Defendant is a subsidiary of UnitedHealth Group Incorporated ("**UHG**"), a multinational health insurance and services company.

3. UHG, through its various managed care organization subsidiaries, provides managed care services to millions of government-sponsored and marketplace health plan enrollees throughout the country, including in New Mexico.

1

4. UHG conducts business through various subsidiaries, which contract with federal and state agencies to provide managed care services for Medicaid and Medicare plans in their respective states.

5. Defendant is a managed care services company that contracts with subsidiaries to provide care coordination and other services.

6. In 2013, UHG subsidiary UnitedHealthcare of New Mexico, Inc. ("**UHNM**") and the New Mexico Human Services Department ("**HSD**") entered into a Medicaid Managed Care Services Agreement ("**HSD Agreement**") pursuant to which UHNM agreed to provide certain services to individuals enrolled in Medicaid in New Mexico, including care coordination services.

7. Pursuant to Section 7.14.2 of the HSD Agreement, UHNM was permitted to delegate its responsibilities to a subcontractor.

8. UHNM entered into an agreement with Defendant pursuant to which Defendant agreed to perform the care coordination services under the HSD Agreement.

9. Defendant hired individuals to perform the care coordination services required by the HSD Agreement.

10. The individuals employed to perform care coordination services under the HSD Agreement were referred to as "care coordinators."

11. Defendant employed care coordinators under different job titles, depending on their licensure.

12. Care coordinators that were registered nurses were employed under the job title "Case Manager RN."

13. Defendant employed Plaintiff as a Case Manager RN.

14. Defendant employed Plaintiff from approximately November 2013 to September 2018.

15. Defendant paid some or all Case Manager RNs a salary.

16. Defendant's Case Manager RNs regularly worked over 40 hours per week.

17. Defendant classified Case Manager RNs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

18. The care coordination services performed by Case Manager RNs consisted primarily of administering comprehensive needs assessments, generating care plans, and following up with members by telephone or in person ("**Care Coordination Services**").

19. As set forth in the HSD Agreement, administering a comprehensive needs assessment consisted of collecting answers to a standardized medical questionnaire.

20. Defendant required all care coordinators, including Case Manager RNs, to comply with the HSD Agreement when performing Care Coordination Services.

21. During her employment, Plaintiff primarily performed Care Coordination Services.

22. During her employment, Plaintiff was responsible for performing Care Coordination Services under the HSD Contract.

23. During Plaintiff's employment, Defendant suffered or permitted Plaintiff to work over 40 hours in one or more individual workweeks.

24. Prior to January 2018, Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NMMWA.

25. Because Plaintiff primarily performed non-exempt work, Defendant should have classified her as non-exempt.

26. Prior to January 2018, Defendant paid Plaintiff a salary.

27. Prior to January 2018, when Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay for hours worked over 40.

28. Throughout Plaintiff's employment, Defendant maintained control, oversight and direction over its operations and employment practices pertaining to Plaintiff.

29. Defendant maintained control, oversight and direction over its operations and employment practices pertaining to Case Manager RNs other than Plaintiff.

30. On or about January 1, 2018, Defendant reclassified Plaintiff as non-exempt with respect to the overtime provisions of the FLSA and NMMWA.

31. On or about January 1, 2018, Defendant reclassified all Case Manager RNs and other care coordinators as non-exempt with respect to the overtime provisions of the FLSA and NMMWA.

32. Upon reclassification of the Case Manager RNs and other care coordinators, Defendant ceased paying these individuals on a salary basis.

## COVERAGE

33. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

34. During her employment, Plaintiff was an "employee" of Defendant as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

35. During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

36. During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

37. During Plaintiff's employment Defendant was an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

38. During Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

39. In each of the years Plaintiff was employed by Defendant, Defendant had more than $500,000 in sales made or business done.

40. Plaintiff brings this action due to Defendant's misclassification scheme, pursuant to which Plaintiff was not paid all earned overtime pay for time she worked in excess of 40 hours in one or more individual workweeks in violation of the FLSA and NMMWA.

41. Plaintiff brings her NMMWA claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Case Manager RNs for all earned overtime pay.

## CONTINUING COURSE OF CONDUCT

42. Defendant's violations of the NMMWA occurred as part of a continuing course of conduct under N.M. Stat. Ann. § 50-4-32.

43. Defendant began hiring care coordinators, including Case Manager RNs, to perform care coordination services under the HSD Agreement in 2013.

44. From 2013 until approximately December 2017, Defendant classified care coordinators, including Case Manager RNs, as exempt from the overtime provisions of the FLSA and NMMWA.

45. From 2013 until approximately December 2017, Defendant paid care coordinators, including Case Manager RNs, on a salary basis and did not pay them overtime when they worked over 40 hours in individual workweeks.

46. Because Defendant's violations of the NMMWA occurred as part of a continuing course of conduct, this action encompasses all overtime violations against Plaintiff and similarly situated Case Manager RNs, regardless of the date on which they occurred pursuant to N.M. Stat. Ann. § 50–4–32.

**PRIOR LITIGATION**

47. On January 7, 2017, a former employee brought a collective and class action against UnitedHealthcare, Inc. on behalf of herself and other Case Managers based on the company's failure to pay overtime required under the FLSA and NMMWA. *See Fedor v. UnitedHealthcare, Inc.*, No. 1:17-cv-13, Dkt. 1 (D.N.M.).

48. On March 28, 2017, Defendant was added as a defendant in the *Fedor* litigation and the proposed collective and class were expanded to include all "care coordinators" paid on a salary basis. *See Fedor*, Dkt. 3.

49. Prior to reaching the class certification stage, a settlement was reached in the *Fedor* litigation.

50. The settlement agreement between the parties in *Fedor* settled the claims of putative class members with the exception of Case Manager RNs, who were specifically excluded from the settlement.

51. The *Fedor* litigation has not yet been dismissed.

52. As a putative class member in the *Fedor* litigation, Plaintiff's claims were tolled—at latest—on March 28, 2017.[1]

**THE PARTIES**

53. Plaintiff is an individual residing in this Judicial District. A copy of Plaintiff's consent form to participate in this action is attached as **Exhibit A** to this Complaint.

54. Defendant is a Minnesota Corporation.

55. Defendant's principal place of business is in Minnetonka, Minnesota.

---

[1] Because the FLSA has a 3-year limitations period, references in this Complaint to the "relevant time period" refer to the period from March 28, 2014 through the present.

56. Defendant may be served with process through its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## JURISDICTION AND VENUE

57. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

58. This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 class member is a citizen from a different state than Defendant.

59. Alternatively, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C § 1367(a) because they arise out of the same facts as Plaintiff's FLSA claims.

60. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings her NMMWA claims as a class action under Rule 23(b)(3) and Rule 23(c)(4) of the Federal Rules of Civil Procedure.

62. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state law class:

> All individuals employed by Defendant as Case Manager RNs in New Mexico who were paid on a salary basis and classified as exempt from overtime from June 19, 2009 to the present (the "**Class**").

63. The Class is so numerous that joinder of all members is not practical.

64. There are questions of law or fact common to the Class, including: (1) whether members of the Class primarily performed non-exempt work; (2) whether Defendant violated the NMMWA by refusing to pay members of the Class overtime pay; and (3) the proper measure of

damages if Defendant misclassified members of the Class as exempt from the overtime provisions of the NMMWA.

65. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

66. Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

67. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

68. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

69. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation, including against this Defendant and other healthcare organizations that contracted with HSD and committed similar violations.

70. The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the Class, if any.

71. Common proof will drive the resolution of the predominating questions in this case.

72. Plaintiff and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

73. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

74. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

75. The books and records of Defendant are material to the claims of the Class.

## COUNT I
## Violation of the Fair Labor Standards Act

76. Plaintiff incorporates here the previous allegations of this Complaint.

77. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff when she worked over 40 hours in individual workweeks during the relevant time period.

78. Plaintiff was not exempt from the overtime provisions of the FLSA.

79. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks during the relevant time period.

80. Defendant paid Plaintiff a salary during the relevant time period.

81. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks during the relevant time period.

82. Defendant's violations were willful because it classified other employees who performed many of the same primary job duties as Case Manager RNs as non-exempt from the FLSA's overtime requirements.

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff;

B. Liquidated damages equal to the unpaid overtime compensation due;

C. Pre-judgment and post-judgment interest at the highest rates allowed by law;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as this Court deems appropriate.

## COUNT II
### Violation of the New Mexico Minimum Wage Act
### (Class Action)

83. Plaintiff incorporates here the previous allegations of this Complaint.

84. This count arises from Defendant's violation of the NMMWA for its failure to pay Plaintiff and the Class overtime pay when they worked over 40 hours in individual workweeks.

85. Defendant classified Plaintiff as exempt from the overtime provisions of the NMMWA.

86. Defendant classified members of the Class as exempt from the overtime provisions of the NMMWA.

87. Plaintiff was not exempt from the overtime provisions of the NMMWA.

88. Members of the Class were not exempt from the overtime provisions of the NMMWA.

89. Plaintiff was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

90. Members of the Class were regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

91. Defendant violated the NMMWA by failing to pay Plaintiff and members of the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

92. Defendant's violations of the NMMWA with respect to the Class occurred as part of a continuing course of conduct under N.M. Stat. Ann. in § 50-4-32.

93. Because Defendant's violations of the NMMWA with respect to the Class occurred as part of a continuing course of conduct, Plaintiff and members of the Class are entitled to recover for all such violations regardless of the date on which they occurred.

WHEREFORE, Plaintiff, on behalf of herself and the Class, seeks a judgment against Defendant, as follows:

A. All unpaid overtime wages due to Plaintiff and the Class;

B. Treble damages equal to double the unpaid overtime compensation due;

C. Pre-judgment and post-judgment interest at the highest rates allowed by law;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other relief as this Court deems appropriate.

Respectfully submitted,

s/Travis M. Hedgpeth

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

**Attorneys for Plaintiff and others similarly situated**

**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/   Travis M. Hedgpeth*
Travis M. Hedgpeth