**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION**

| | |
|---|---|
| JESSICA BLANTON, on behalf herself and all others similarly situated, | Civil Action No. 1:24-CV-00484-LF-JMR |
| Plaintiff, | |
| v. | |
| UNITED HEALTHCARE SERVICES, INC., | |
| Defendant. | |

**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S ORIGINAL ANSWER
AND DEFENSES TO PLAINTIFF JESSICA BLANTON'S
ORIGINAL CLASS ACTION COMPLAINT**

Defendant United HealthCare Services, Inc. ("Defendant" or "UHS") files its answer to

Plaintiff Jessica Blanton's Original Class Action Complaint ("Complaint"). The following

sections and numbered paragraphs correspond to the sections and numbered paragraphs in the

Complaint. To the extent the allegations within the Complaint are not expressly admitted, they

are hereby denied.

**NATURE OF THIS LAWSUIT**

**COMPLAINT ¶1:**

Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, *et seq.* ("NMMWA"). Plaintiff's state law claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff's claims arise out of Defendant's failure to pay overtime to Plaintiff and similarly situated individuals when they worked over 40 hours in individual workweeks, in violation of the FLSA and NMMWA.

320381864v.4

**ANSWER:**

Defendant admits that Plaintiff Jessica Blanton ("Plaintiff" or "Blanton") purports to bring an individual claim pursuant to the Fair Labor Standards Act ("FLSA") and individual and class claims pursuant to the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, *et seq.* ("NMMWA"). Defendant denies that this lawsuit is suitable for class action treatment and denies that Defendant violated the FLSA or NMMWA with respect to Blanton or any putative class or collective member. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶2:**

Defendant is a subsidiary of UnitedHealth Group Incorporated ("UHG"), a multinational health insurance and services company.

**ANSWER:**

Defendant admits that it is a subsidiary of UnitedHealth Group, Incorporated ("UHG") and that UHG owns subsidiaries that provide services and benefits in the United States and other countries.

**COMPLAINT ¶3:**

UHG, through its various managed care organization subsidiaries, provides managed care services to millions of government-sponsored and marketplace health plan enrollees throughout the country, including in New Mexico.

**ANSWER:**

Defendant admits that UHG owns subsidiaries that provide managed care services to millions of participants in Affordable Care Act ("ACA") marketplace health plans and

2

320381864v.4

government-sponsored health plans in the United States and that UHG owns one or more

subsidiaries that provide managed care services in New Mexico.

## COMPLAINT ¶4:

UHG conducts business through various subsidiaries, which contract with federal and state agencies to provide managed care services for Medicaid and Medicare plans in their respective states.

## ANSWER:

Defendant admits that UHG owns subsidiaries that contract with federal and state

agencies to provide managed care services for Medicaid and Medicare participants in those

states.

## COMPLAINT ¶5:

Defendant is a managed care services company that contracts with subsidiaries to provide care coordination and other services.

## ANSWER:

Defendant admits that Defendant provides care coordination and other services and that

Defendant at times provides such services pursuant to agreements with other UHG subsidiaries.

Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## COMPLAINT ¶6:

In 2013, UHG subsidiary UnitedHealthcare of New Mexico, Inc. ("UHNM") and the New Mexico Human Services Department ("HSD") entered into a Medicaid Managed Care Services Agreement ("HSD Agreement") pursuant to which UHNM agreed to provide certain services to individuals enrolled in Medicaid in New Mexico, including care coordination services.

## ANSWER:

Defendant admits that UHG subsidiary United Healthcare of New Mexico, Inc.

("UHNM") entered into a Medicaid Managed Care Services Agreement with the New Mexico

320381864v.4

Human Services Department and the New Mexico Behavioral Health Purchasing Collaborative ("Agreement," available at https://www.hca.nm.gov/wp-content/uploads/UnitedContract.pdf) to serve as one of the state's Medicaid administrators, and that UHNM served as a state Medicaid administrator from 2013 to 2018. Defendant also admits that the services UHNM provided as a state Medicaid administrator included care coordination benefits.

**COMPLAINT ¶7:**

Pursuant to Section 7.14.2 of the HSD Agreement, UHNM was permitted to delegate its responsibilities to a subcontractor.

**ANSWER:**

Defendant admits that UHNM was permitted to delegate some of its contractual responsibilities to a subcontractor, as provided in Section 7.14 of the Agreement. Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

UHNM entered into an agreement with Defendant pursuant to which Defendant agreed to perform the care coordination services under the HSD Agreement.

**ANSWER:**

UHS admits that UHS employees performed care coordination related services pursuant to the Agreement. UHS denies the remaining allegations set forth in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Defendant hired individuals to perform the care coordination services required by the HSD Agreement.

4

320381864v.4

**ANSWER:**

UHS admits that UHS employees performed care coordination related services pursuant to the Agreement and that UHS hired employees for that purpose.

**COMPLAINT ¶10:**

The individuals employed to perform care coordination services under the HSD Agreement were referred to as "care coordinators."

**ANSWER:**

Defendant admits that some individuals employed to perform care coordination related services may at times have been referred to informally as "care coordinators." Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Defendant employed care coordinators under different job titles, depending on their licensure.

**ANSWER:**

Defendant admits that individuals who may at times have been referred to informally as "care coordinators" did not all have the same formal job title. Defendant denies the remaining allegations set forth in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Care coordinators that were registered nurses were employed under the job title "Case Manager RN."

**ANSWER:**

Defendant admits that some of the individuals who may at times have been referred to informally as "care coordinators" were registered nurses and had the formal job title, "Case

5

320381864v.4

Manager RN." Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Defendant employed Plaintiff as a Case Manager RN.

**ANSWER:**

Defendant admits that it employed Plaintiff as a Case Manager RN from November 2013 until December 24, 2017. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Defendant employed Plaintiff from approximately November 2013 to September 2018.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Defendant paid some or all Case Manager RNs a salary.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Defendant's Case Manager RNs regularly worked over 40 hours per week.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Defendant classified Case Manager RNs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

320381864v.4

**ANSWER:**

Defendant admits that it classified Case Manager RNs as exempt from state and federal overtime laws and thus that Case Manager RNs were not eligible for overtime compensation. Defendant denies that, during the time Defendant classified them as exempt, Case Manager RNs worked more than 40 hours in a workweek.

**COMPLAINT ¶18:**

The care coordination services performed by Case Manager RNs consisted primarily of administering comprehensive needs assessments, generating care plans, and following up with members by telephone or in person ("**Care Coordination Services**").

**ANSWER:**

Defendant admits that, during the relevant time period, which Defendant defines as from 2013 through 2017, Case Manager RNs' job duties included completing comprehensive needs assessments, developing and implementing individualized care plans, and continued engagement with members by telephone and in person, including providing education and support. Defendant denies that the definition of "Care Coordination Services" set forth in Paragraph 18 of the Complaint accurately describes Plaintiff's or other Case Manager RNs' job duties. Defendant denies the remaining allegations set forth in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

As set forth in the HSD Agreement, administering a comprehensive needs assessment consisted of collecting answers to a standardized medical questionnaire.

**ANSWER:**

UHS denies the allegations set forth in Paragraph 19 of the Complaint.

320381864v.4

**COMPLAINT ¶20:**

Defendant required all care coordinators, including Case Manager RNs, to comply with the HSD Agreement when performing Care Coordination Services.

**ANSWER:**

Defendant admits that Case Manager RNs and other employees who provided care coordination services were required to abide by the Agreement, as well as Defendant's own policies, practices, and procedures, in providing those services.

**COMPLAINT ¶21:**

During her employment, Plaintiff primarily performed Care Coordination Services.

**ANSWER:**

Defendant admits that, during her employment as a Case Manager RN, Plaintiff's job duties included completing comprehensive needs assessments, developing and implementing individualized care plans, and continued engagement with members by telephone and in person, including providing education and support. Defendant denies that the definition of "Care Coordination Services" set forth in Paragraph 18 above accurately describes Plaintiff's primary job duties. Defendant denies the remaining allegations set forth in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

During her employment, Plaintiff was responsible for performing Care Coordination Services under the HSD Contract.

**ANSWER:**

Defendant admits that, during her employment as a Case Manager RN, Plaintiff was required to abide by the Agreement, as well as Defendant's own policies, practices, and

8

320381864v.4

procedures, regarding the care coordination related services she provided. Defendant also admits that, during her employment as a Case Manager RN, Plaintiff's job duties included completing comprehensive needs assessments, developing and implementing individualized care plans, and continued engagement with members by telephone and in person, including providing education and support. Defendant denies that the definition of "Care Coordination Services" set forth in Paragraph 18 above accurately describes Plaintiff's primary job duties. Defendant denies the remaining allegations set forth in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

During Plaintiff's employment, Defendant suffered or permitted Plaintiff to work over 40 hours in one or more individual workweeks.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Prior to January 2018, Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and NMMWA.

**ANSWER:**

Defendant admits that Defendant classified Plaintiff as overtime-exempt under the FLSA and NMMWA until December 24, 2017. Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Because Plaintiff primarily performed non-exempt work, Defendant should have classified her as non-exempt.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

320381864v.4

**COMPLAINT ¶26:**

Prior to January 2018, Defendant paid Plaintiff a salary.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Prior to January 2018, when Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay for hours worked over 40.

**ANSWER:**

Defendant admits that, prior to January 2018, Defendant classified Plaintiff as overtime-

exempt and thus ineligible for overtime compensation. Defendant denies that, prior to January

2018, Plaintiff worked more than 40 hours in a workweek. Defendant denies the remaining

allegations set forth in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Throughout Plaintiff's employment, Defendant maintained control, oversight and direction over its operations and employment practices pertaining to Plaintiff.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Defendant maintained control, oversight and direction over its operations and employment practices pertaining to Case Manager RNs other than Plaintiff.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 29 with respect to Case Manager

RNs employed by Defendant during the relevant time period.

320381864v.4

**COMPLAINT ¶30:**

On or about January 1, 2018, Defendant reclassified Plaintiff as non-exempt with respect to the overtime provisions of the FLSA and NMMWA.

**ANSWER:**

Defendant admits that, on December 24, 2017, Defendant reclassified Plaintiff as non-exempt with respect to the overtime provisions of the FLSA and NMMWA. Defendant denies the remaining allegations set forth in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

On or about January 1, 2018, Defendant reclassified all Case Manager RNs and other care coordinators as non-exempt with respect to the overtime provisions of the FLSA and NMMWA.

**ANSWER:**

Defendant admits that, on December 24, 2017, Defendant reclassified Case Manager RNs employed by Defendant in New Mexico as non-exempt with respect to the overtime provisions of the FLSA and NMMWA. Defendant also admits that, on December 24, 2017, Defendant reclassified as non-exempt some other individuals employed by Defendant to perform care coordination related services in New Mexico who may at times have been referred to informally as "care coordinators." Defendant denies the remaining allegations set forth in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Upon reclassification of the Case Manager RNs and other care coordinators, Defendant ceased paying these individuals on a salary basis.

320381864v.4

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 32 of the Complaint with respect to Case Manager RNs employed by Defendant in New Mexico, as well as other individuals employed by Defendant to perform care coordination related services in New Mexico who may at times have been referred to informally as "care coordinators."

## COVERAGE

**COMPLAINT ¶33:**

During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

During her employment, Plaintiff was an "employee" of Defendant as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

During Plaintiff's employment, Defendant was Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

12

**ANSWER:**

Defendant admits that, during Plaintiff's employment with Defendant, Defendant was an employer as defined by N.M. Stat. Ann. § 50-4-21(B) but denies that it was "Plaintiff's 'employer,'" as Plaintiff was not an "employee" as that term is defined in N.M. Stat. Ann. § 50-4-21(C).

**COMPLAINT ¶37:**

During Plaintiff's employment Defendant was an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

During Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

In each of the years Plaintiff was employed by Defendant, Defendant had more than $500,000 in sales made or business done.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Plaintiff brings this action due to Defendant's misclassification scheme, pursuant to which Plaintiff was not paid all earned overtime pay for time she worked in excess of 40 hours in one or more individual workweeks in violation of the FLSA and NMMWA.

13

320381864v.4

**ANSWER:**

Defendant admits that Plaintiff alleges that Defendant misclassified her as exempt and that she earned but was not paid overtime compensation, but Defendant denies that it misclassified Plaintiff and further denies that Plaintiff worked more than 40 hours in any workweek during which she was classified as exempt.

**COMPLAINT ¶41:**

Plaintiff brings her NMMWA claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Case Manager RNs for all earned overtime pay.

**ANSWER:**

Defendant admits that Plaintiff purports to bring her NMMWA claims as a class action on behalf of Case Manager RNs, but Defendant denies that this action is suitable for class action treatment and denies that it violated the NMMWA with respect to Plaintiff or any other Case Manager RN.

**CONTINUING COURSE OF CONDUCT**

**COMPLAINT ¶42:**

Defendant's violations of the NMMWA occurred as part of a continuing course of conduct under N.M. Stat. Ann. § 50-4-32.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Defendant began hiring care coordinators, including Case Manager RNs, to perform care coordination services under the HSD Agreement in 2013.

320381864v.4

**ANSWER:**

Defendant admits that it hired Case Manager RNs to perform care coordination related services in New Mexico and that some Case Manager RNs performed care coordination related services to satisfy UHNM's contractual obligations under its Agreement with the New Mexico Human Services Department and the New Mexico Behavioral Health Purchasing Collaborative to serve as a Medicaid administrator. Defendant denies the remaining allegations set forth in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

From 2013 until approximately December 2017, Defendant classified care coordinators, including Case Manager RNs, as exempt from the overtime provisions of the FLSA and NMMWA.

**ANSWER:**

Defendant admits that, from 2013 until December 2017, it classified Case Manager RNs, as well as some other individuals employed to perform care coordination related services who may at times have been referred to informally as "care coordinators," as overtime-exempt under the FLSA and NMMWA. Defendant denies that it classified all individuals employed to perform care coordination related services, and who may at times have been referred to informally as "care coordinators," as overtime-exempt under the FLSA and NMMWA.

**COMPLAINT ¶45:**

From 2013 until approximately December 2017, Defendant paid care coordinators, including Case Manager RNs, on a salary basis and did not pay them overtime when they worked over 40 hours in individual workweeks.

15

**ANSWER:**

Defendant admits that, from 2013 until December 2017, it paid Case Manager RNs, as well as some other individuals employed to perform care coordination related services who may at times have been referred to informally as "care coordinators," on a salary basis. Defendant denies that Case Manager RNs, or other individuals employed to perform care coordination services who may at times have been referred to informally as "care coordinators," worked more than 40 hours in a workweek during the time Defendant paid them on a salary basis. Defendant denies the remaining allegations set forth in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Because Defendant's violations of the NMMWA occurred as part of a continuing course of conduct, this action encompasses all overtime violations against Plaintiff and similarly situated Case Manager RNs, regardless of the date on which they occurred pursuant to N.M. Stat. Ann. § 50–4–32.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

**PRIOR LITIGATION**

**COMPLAINT ¶47:**

On January 7, 2017, a former employee brought a collective and class action against UnitedHealthcare, Inc. on behalf of herself and other Case Managers based on the company's failure to pay overtime required under the FLSA and NMMWA. *See Fedor v. UnitedHealthcare, Inc.*, No. 1:17-cv-13, Dkt. 1 (D.N.M.).

**ANSWER:**

Defendant admits that, on January 7, 2017, Dana Fedor filed a putative class and collective action against UnitedHealthcare, Inc., on behalf of herself and other "Case Managers," alleging failure to pay overtime compensation in violation of the FLSA and NMMWA, and

16

further admits that the action was docketed as Case No. 1:17-cv-00013 ("*Fedor*" or the "*Fedor*

Litigation"). Defendant avers that, as of January 7, 2017, Defendant was not a party to the *Fedor*

Litigation.

**COMPLAINT ¶48:**

On March 28, 2017, Defendant was added as a defendant in the *Fedor* litigation and the proposed collective and class were expanded to include all "care coordinators" paid on a salary basis. *See Fedor*, Dkt. 3.

**ANSWER:**

Defendant admits that the plaintiff in *Fedor* filed an amended complaint on March 28,

2017, adding Defendant as a defendant in the *Fedor* Litigation and defining the putative class

and collective to include "current and former 'Care Coordinators' who were paid primarily on a

salaried basis and whose primary responsibilities included collecting answers to standardized

medical questionnaires and inputting answers from those questionnaires into Defendants'

automated system." (*Fedor*, Dkt. No. 3, ¶ 2; *see also id.* at ¶ 3.) Defendant further avers that the

putative class in *Fedor* was limited to Care Coordinators "who were primarily working in New

Mexico over the last three years." (*Id.* at ¶ 3.)

**COMPLAINT ¶49:**

Prior to reaching the class certification stage, a settlement was reached in the *Fedor* litigation.

**ANSWER:**

Defendant admits that, when the parties reached an agreement to settle the *Fedor*

Litigation, the plaintiffs had not filed a motion for class certification.

**COMPLAINT ¶50:**

The settlement agreement between the parties in *Fedor* settled the claims of putative class members with the exception of Case Manager RNs, who were specifically excluded from the settlement.

**ANSWER:**

Defendant admits that the parties in the *Fedor* Litigation agreed to settle the claims of

putative class members and further agreed to exclude Case Manager RNs from the settlement.

**COMPLAINT ¶51:**

The *Fedor* litigation has not yet been dismissed.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

As a putative class member in the *Fedor* litigation, Plaintiff's claims were tolled—at latest—on March 28, 2017.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

**THE PARTIES**

**COMPLAINT ¶53:**

Plaintiff is an individual residing in this Judicial District. A copy of Plaintiff's consent form to participate in this action is attached as Exhibit A to this Complaint.

**ANSWER:**

Defendant lacks sufficient information to admit or deny the allegation that Plaintiff

resides in this judicial district. Defendant admits that Exhibit A is entitled "Notice of Consent,"

is electronically signed by Plaintiff, and states, "I hereby consent to become a party plaintiff in

the overtime lawsuit in which this consent is filed."

18

**COMPLAINT ¶54:**

Defendant is a Minnesota Corporation.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Defendant's principal place of business is in Minnetonka, Minnesota.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

Defendant may be served with process through its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 56 of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶57:**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 class member is a citizen from a different state than Defendant.

320381864v.4

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Alternatively, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as Plaintiff's FLSA claims.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 60 of the Complaint.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶61:**

Plaintiff brings her NMMWA claims as a class action under Rule 23(b)(3) and Rule 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER:**

Defendant admits that Plaintiff purports to bring her NMMWA claims as a class action under Rule 23(b)(3) and Rule 23(c)(4) of the Federal Rules of Civil Procedure, but Defendant denies that this action is suitable for class action treatment.

**COMPLAINT ¶62:**

Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state law class:

> All individuals employed by Defendant as Case Manager RNs in New Mexico who were paid on a salary basis and classified as exempt from overtime from June 19, 2009 to the present (the "Class").

20

320381864v.4

**ANSWER:**

Defendant admits that Plaintiff seeks certification of a class as defined in Paragraph 62 of the Complaint, but Defendant denies that this action is suitable for class action treatment.

**COMPLAINT ¶63:**

The Class is so numerous that joinder of all members is not practical.

**ANSWER:**

Defendant agrees that joinder of Plaintiff's claims is improper under Rules 20 and 21 of the Federal Rules of Civil Procedure but denies that the putative class "is so numerous that joinder of all members is not practical."

**COMPLAINT ¶64:**

There are questions of law or fact common to the Class, including: (1) whether members of the Class primarily performed non-exempt work; (2) whether Defendant violated the NMMWA by refusing to pay members of the Class overtime pay; and (3) the proper measure of damages if Defendant misclassified members of the Class as exempt from the overtime provisions of the NMMWA.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 64 of the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶65:**

Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 65 of the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

21

**COMPLAINT ¶66:**

Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 66 of the Complaint and denies

that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶67:**

Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 67 of the Complaint and denies

that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶68:**

Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 68 of the Complaint and denies

that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶69:**

Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation, including against this Defendant and other healthcare organizations that contracted with HSD and committed similar violations.

320381864v.4

**ANSWER:**

Defendant admits that Plaintiff has retained counsel experienced in class action employment litigation. Defendant denies the remaining allegations set forth in Paragraph 69 of the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶70:**

The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the Class, if any.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 70 of the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶71:**

Common proof will drive the resolution of the predominating questions in this case.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 71 of the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶72:**

Plaintiff and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 72 of the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

23

**COMPLAINT ¶73:**

If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 73 of the Complaint and denies

that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶74:**

Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 74 of the Complaint and denies

that this lawsuit is suitable for collective or class action treatment.

**COMPLAINT ¶75:**

The books and records of Defendant are material to the claims of the Class.

**ANSWER:**

Defendant admits that documents in its possession, custody, or control are relevant to the

claims in this litigation. Defendant denies the remaining allegations set forth in Paragraph 75 of

the Complaint and denies that this lawsuit is suitable for collective or class action treatment.

**COUNT I**
**Violation of the Fair Labor Standards Act**

**COMPLAINT ¶76:**

Plaintiff incorporates here the previous allegations of this Complaint.

24

**ANSWER:**

Defendant reasserts and incorporates its responses to the preceding allegations as if set forth fully in this answer.

**COMPLAINT ¶77:**

This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff when she worked over 40 hours in individual workweeks during the relevant time period.

**ANSWER:**

Defendant admits that Plaintiff alleges that Defendant violated the FLSA. Defendant denies that it violated the FLSA with respect to Plaintiff and further denies that Plaintiff worked more than 40 hours in any workweek during the relevant time period.

**COMPLAINT ¶78:**

Plaintiff was not exempt from the overtime provisions of the FLSA.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

**COMPLAINT ¶79:**

Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks during the relevant time period.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

**COMPLAINT ¶80:**

Defendant paid Plaintiff a salary during the relevant time period.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 80 of the Complaint.

25

**COMPLAINT ¶81:**

Defendant violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks during the relevant time period.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

**COMPLAINT ¶82:**

Defendant's violations were willful because it classified other employees who performed many of the same primary job duties as Case Manager RNs as non-exempt from the FLSA's overtime requirements.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

**UNNUMBERED COMPLAINT PARAGRAPH**

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

A.    All unpaid overtime wages due to Plaintiff;

B.    Liquidated damages equal to the unpaid overtime compensation due;

C.    Pre-judgment and post-judgment interest at the highest rates allowed by law;

D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.    Such other relief as this Court deems appropriate.

**ANSWER:**

Defendant denies the allegations in the unnumbered paragraph following Paragraph 82

of the Complaint and denies that Plaintiff and/or any putative class or collective member is

entitled to any of the relief sought.

320381864v.4

**COUNT II**
**Violation of the New Mexico Minimum Wage Act**
**(Class Action)**

**COMPLAINT ¶83:**

Plaintiff incorporates here the previous allegations of this Complaint.

**ANSWER:**

Defendant reasserts and incorporates its responses to the preceding allegations as if set forth fully in this answer.

**COMPLAINT ¶84:**

This count arises from Defendant's violation of the NMMWA for its failure to pay Plaintiff and the Class overtime pay when they worked over 40 hours in individual workweeks.

**ANSWER:**

Defendant admits that Plaintiff alleges that Defendant violated the NMMWA. Defendant denies that it violated the NMMWA with respect to Plaintiff or any putative class or collective member and further denies that Plaintiff or any putative class or collective member worked more than 40 hours in any workweek during the relevant time period.

**COMPLAINT ¶85:**

Defendant classified Plaintiff as exempt from the overtime provisions of the NMMWA.

**ANSWER:**

Defendant admits that, from 2013 to December 2017, Defendant classified Plaintiff as exempt or otherwise excluded from the overtime provisions of the NMMWA.

**COMPLAINT ¶86:**

Defendant classified members of the Class as exempt from the overtime provisions of the NMMWA.

27

320381864v.4

**ANSWER:**

Defendant admits that, from 2013 to December 2017, Defendant classified Case Manager RNs as exempt or otherwise excluded from the overtime provisions of the NMMWA.

**COMPLAINT ¶87:**

Plaintiff was not exempt from the overtime provisions of the NMMWA.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

**COMPLAINT ¶88:**

Members of the Class were not exempt from the overtime provisions of the NMMWA.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

**COMPLAINT ¶89:**

Plaintiff was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

**COMPLAINT ¶90:**

Members of the Class were regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

**COMPLAINT ¶91:**

Defendant violated the NMMWA by failing to pay Plaintiff and members of the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

320381864v.4

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

**COMPLAINT ¶92:**

Defendant's violations of the NMMWA with respect to the Class occurred as part of a continuing course of conduct under N.M. Stat. Ann. in § 50-4-32.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

**COMPLAINT ¶93:**

Because Defendant's violations of the NMMWA with respect to the Class occurred as part of a continuing course of conduct, Plaintiff and members of the Class are entitled to recover for all such violations regardless of the date on which they occurred.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

**UNNUMBERED COMPLAINT PARAGRAPH**

WHEREFORE, Plaintiff, on behalf of herself and the Class, seeks a judgment against Defendant, as follows:

A.    All unpaid overtime wages due to Plaintiff and the Class;

B.    Treble damages equal to double the unpaid overtime compensation due;

C.    Pre-judgment and post-judgment interest at the highest rates allowed by law;

D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.    Such other relief as this Court deems appropriate.

29

320381864v.4

**ANSWER:**

Defendant denies the allegations in the unnumbered paragraph following Paragraph 93 of the Complaint and denies that Plaintiff and/or any putative class or collective member is entitled to any of the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

The term "Plaintiffs," as used below, refers to Blanton and any and all current and future plaintiffs, if any, in this lawsuit, including any and all class and/or collective members. In asserting these defenses, Defendant does not assume the burden of proof on any matters for which Blanton or any other plaintiff rightfully bears the burden of proof. In addition, Defendant is continuing to investigate Blanton's allegations and therefore reserves the right to amend its pleading.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims, and those of the putative class or collective members, are barred to the extent they have not been asserted within the applicable statutes of limitation and/or statutes of repose.

3.      Plaintiffs' FLSA claims are limited to the applicable two-year statute of limitations because Plaintiffs cannot establish a willful violation of the FLSA. *See* 29 U.S.C. § 255.

4.      At all times relevant, Defendant complied with the applicable requirements of federal law, New Mexico law, and comparable wage laws in other states.  In the alternative, Defendant is not liable because its acts or omissions were made in good faith and in reasonable

30

320381864v.4

reliance on an administrative regulation, order, ruling, approval and/or interpretation of, or an administrative practice or enforcement policy of the United States Department of Labor, the New Mexico Department of Workforce Solutions, and/or a comparable state agency in other states.

5.    At all times relevant, Defendant complied with the requirements of federal law, New Mexico law, and comparable wage laws in other states.  In the alternative, Defendant should not be required to pay liquidated damages or other penalties because its acts or omissions were made in good faith, and Defendant had reasonable grounds for believing that its acts or omissions were not in violation of federal law, New Mexico law, and comparable wage laws in other states.

6.    Defendant's  acts or omissions were not willful with respect to Plaintiff and the putative class or collective members.

7.    Plaintiff's claims, and those of the putative class or collective members, may be barred by the doctrine of estoppel.

8.    Plaintiff's claims, and those of the putative class or collective members, may be barred, in whole or in part, by the doctrine of judicial estoppel. Specifically, if their prior representations in a court of law or administrative proceeding are inconsistent with their representations in this lawsuit, then their claims may be barred by the doctrine of judicial estoppel.

9.    Plaintiff's claims, and those of the putative class or collective members, are barred in whole or in part to the extent that they were exempt or excluded from the minimum

31

320381864v.4

wage, overtime, and recordkeeping provisions of the FLSA, the NMMWA, and comparable wage laws in other states, including but not limited to as a professional, administrative, or executive employee under 29 U.S.C. § 213(a), N.M. Stat. Ann. 1978, § 50-4-21(C)(1), and related regulations.

10.    Plaintiff's claims, and those of the putative class or collective members, are barred, in whole or in part, to the extent they are based on noncompensable activities, including pre- and postliminary activities and/or *de minimis* activities.

11.    Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, to the extent that they have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

12.    Plaintiff and the putative class or collective members have received full payment for all work performed thereby barring their claims; alternatively, Defendant is entitled to an offset of any amount of relief claimed by Plaintiff and the putative class or collective members for any payments or overpayments of wages, bonuses, or other remuneration previously paid to them.

13.    Throughout their employment, Plaintiff and the putative class or collective members were paid on a salary basis, and Plaintiffs and Defendant had a clear and mutual understanding that their salary was compensation for all hours worked. Thus, if any Plaintiff or putative class or collective member is found to have been non-exempt, such Plaintiff has been

32

paid his or her regular hourly rate for all hours worked and is entitled one to one-half his or her regular hourly rate for any hours worked in excess of 40 in a workweek.

14.     Plaintiff, and the putative class or collective members, cannot recover both interest on their alleged damages and liquidated damages (or other penalties), because such forms of recovery are duplicative of each other.

15.     Plaintiff's claims, and those of the putative class or collective members, are barred by the doctrines of *res judicata* and/or *collateral estoppel* to the extent that they have previously participated, or been class members, in a legal or administrative proceeding in which they or their representatives asserted, or could have asserted, the claims they assert in this proceeding.

16.     Plaintiff's claims, and those of the putative class or collective members, are barred, in whole or in part, to the extent that they have released or waived such claims.

17.     Plaintiff's attempt to use representative proof to establish liability and damages for other individuals, regardless of their status as opt-in plaintiffs, named plaintiffs, and/or class members, violates Defendant's substantive and due process rights under federal law, New Mexico law, and comparable wage laws in other states, including the United States Constitution, the New Mexico Constitution, and the Constitutions of other states with comparable wage laws.

18.     Plaintiff, and those she seeks to represent, are not entitled to any penalty or award to the extent that the penalty provisions of the applicable statutes invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory, and/or disproportionate to any damage or loss

33

320381864v.4

incurred as a result of Defendant's conduct.  Such penalties are unconstitutional under the United States Constitution, the New Mexico Constitution, and the Constitutions of other states with comparable wage laws.

19.     Plaintiff's claims on behalf of the putative class members are barred to the extent that there is/are currently other action(s) pending on the same claims.

20.     Plaintiff is not entitled to pursue her claims jointly or to a joint trial because joinder of her claims is improper under Rules 20 and 21 of the Federal Rules of Civil Procedure.

21.     Plaintiff's claims, and those of the putative class or collective members, are barred to the extent that they are subject to binding arbitration.

22.     Plaintiff's claims, and those of the putative class or collective members, are barred to the extent that they waived their right to pursue their claims in a multi-plaintiff, collective, or class action.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge and information upon which to form a belief about whether it has additional affirmative defenses and/or counterclaims against Plaintiff and/or the putative class and collective members.  Accordingly, Defendant expressly reserves the right to assert additional affirmative defenses and/or counterclaims at a later date.

34

320381864v.4

## PRAYER

WHEREFORE, United HealthCare Services, Inc. respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing Plaintiff's claims with prejudice and awarding Defendant its costs and any other relief that this Court deems appropriate.

Dated:  October 10, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jesse M. Coleman*
    Jesse M. Coleman
    Texas Bar No. 24072044
    D.N.M. ID No. 24-183
    Rachel M. Hoffer
    Texas Bar No. 24065432
    D.N.M. ID No. 24-179
    SEYFARTH SHAW LLP
    700 Milam Street, Suite 1400
    Houston, Texas  77002-2812
    Telephone:  (713) 225-2300
    Facsimile:  (713) 225-2340
    jmcoleman@seyfarth.com
    rhoffer@seyfarth.com

    Robert Whitman
    New York Bar No. 2971703
    D.N.M. ID No. 24-184
    SEYFARTH SHAW LLP
    620 Eighth Avenue, Suite 3200
    New York, NY 10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526
    rwhitman@seyfarth.com

    ATTORNEYS FOR DEFENDANT
    UNITED HEALTHCARE SERVICES, INC.

320381864v.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2025, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which notification of such filing will be sent to all counsel of record including:

> Travis M. Hedgpeth
> THE HEDGPETH LAW FIRM, PC
> 3050 Post Oak Blvd., Suite 510
> Houston, Texas  77056
> travis@hedgpethlaw.com

*/s/ Jesse M. Coleman*
Jesse M. Coleman

320381864v.4