IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | | |
|---|---|---|
| JESSICA BLANTON, on behalf of herself and all others similarly situated, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 1:24-CV-00484-SMD-JMR |
| v. | § § | |
| UNITED HEALTHCARE SERVICES, INC., | § § § | |
| *Defendant.* | § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL

Defendant United HealthCare Services, Inc. ("Defendant" or "UHS") respectfully files this reply in support of its Opposed Motion to Certify Issue for Interlocutory Appeal ("Motion," Dkt. No. 51).

## I.      ARGUMENT

### A.      The Order Presents a Controlling Issue of Law

In the Motion, UHS asked the Court to certify the following question: whether, following *China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018), *American Pipe* tolling can apply on a class basis. In the Response (Dkt. No. 66), Plaintiff argues that this Court answered a narrower question: "whether, applying New Mexico equitable tolling standards to the present facts, 'New Mexico courts would find that *American Pipe* tolling would apply to NMMWA claims, specifically to Plaintiff's class claims, notwithstanding *China Agritech*[.]'" (Response at 3 (quoting "Order," Dkt. No. 44, at 24.)) Plaintiff further argues that the Court actually answered the fact-specific "question of how New Mexico's equitable tolling doctrine applies to the present circumstances" and not a broader question about how *American Pipe* tolling applies in the wake of *China Agritech*. (Response at 6.)

Plaintiff's arguments mischaracterize the Court's analysis of *American Pipe* and *China Agritech*, which considered multiple issues, including: (1) whether Plaintiff and other Case Manager RNs were part of the *Fedor* class; (2) whether the substantive NMMWA claims in *Fedor* were sufficiently similar to Plaintiff's claims, "such that *American Pipe* tolling might apply"; (3) whether New Mexico courts would adopt the *American Pipe* tolling doctrine; and (4) whether New Mexico courts would apply the *American Pipe* tolling doctrine on a class-wide basis. (Order at 23-29.) For purposes of Defendant's proposed appeal, the Court's affirmative answers to the first, second, and third questions are not in issue. But on the question that is raised by the Motion, it is Plaintiff, not Defendant, who has mischaracterized the Court's holding.

Plaintiff reads the Court's holding to assume, implicitly, "that *China Agritech* generally stands against the application of *American Pipe* tolling to successive class claims," concluding that "the relevant question is whether New Mexico courts applying the New Mexico standards for equitable tolling would nevertheless find that *American Pipe* tolling applies to class claims under the NMMWA under the present circumstances." (Response at 4-5.) In making this argument, Plaintiff reads too much into the word "notwithstanding." (*See* Order at 25.) In the context of the Order, it is clear that the Court did not state that *China Agritech* announced a general rule that *American Pipe* tolling does not apply to successive class claims, as Plaintiff argues; rather, the Court used "notwithstanding" to distinguish *China Agritech* based on procedural differences between that case and *Fedor*. (Order at 25-29.)

In its holding—and at Plaintiff's request—the Court explicitly distinguished *China Agritech* on the grounds that, in that case, "district courts had denied class certification twice," whereas "class certification was not denied in *Fedor*." (Order at 25-27.) Indeed, both in briefing and at oral argument, Plaintiff argued that *China Agritech* forecloses *American Pipe* tolling of successive class claims only upon a denial of class certification. (*See, e.g.*, Dkt. No. 22 at 15-17.)

In support of this argument, Plaintiff relied on authority from federal District Courts in New York and California and state courts in New York and Connecticut, all purportedly distinguishing *China Agritech* on the ground that class certification had not been denied. (Dkt. No. 22 at 16–17.) Plaintiff did not acknowledge the contrary authority from federal appellate courts holding that, following *China Agritech*, *American Pipe* tolling does not apply to subsequent classes, no matter the circumstances. *See Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 709 (3d Cir. 2019) ("*China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period."); *In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, 915 F.3d 1, 16-17 (1st Cir. 2019) (*China Agritech* precludes class tolling even when "there was no substantive ruling on class certification" in the original case); *Porter v. S. Nevada Adult Mental Health Servs.*, 788 F. App'x 525, 526 (9th Cir. 2019) (*China Agritech* precludes application of *American Pipe* tolling to successive class actions).

In adopting Plaintiff's argument, the Court clearly distinguished *China Agritech* on the grounds that it arose when a district court had denied class certification. (Order at 27.) Similarly, the Court distinguished the *Armendariz* case and its application of *China Agritech*, on the grounds that *Armendariz* involved a prior class action that was dismissed voluntarily by the named plaintiffs. (Order at 29 (discussing *Armendariz v. Santa Fe County Board of Commissioners*, 331 F. Supp. 3d 1245 (D.N.M. 2018).)

Yet UHS has always argued that *China Agritech* precludes *American Pipe* tolling in successive class actions, regardless of the circumstances. (*See, e.g.*, Dkt. No. 19 at 18; Dkt. No. 24 at 8–10.) As noted above, all three Courts of Appeals to have decided this issue have agreed with Defendant's interpretation. *See Blake*, 927 F.3d at 709; *In re Celexa & Lexapro*, 915 F.3d at 16-17; *Porter*, 788 F. App'x at 526; *see also Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 376 n.4 (6th Cir. 2021) (noting in *dicta* that its prior holding—that *American Pipe* tolling applies to successive class

actions when class certification was not denied in the first class action—"may not have survived" *China Agritech*). Thus, the distinction drawn by the Court turns on the split in authority that Defendant's proposed appeal seeks to address.

Accordingly, the question at issue is not, as Plaintiff attempts to frame it, whether New Mexico courts would apply *American Pipe* to NMMWA claims, on a class basis or otherwise. Rather, because the Court found that New Mexico courts would adopt the *American Pipe* tolling doctrine, the question is whether *American Pipe* tolling allows for tolling on a class basis. *American Pipe* is a federal doctrine that—as Defendant has assumed and the Court has found— New Mexico courts would adopt. *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, No. 13-2418-JWL, 2013 WL 6842596, at *3 (D. Kan. Dec. 27, 2013) (explaining that, while states may adopt *American Pipe* tolling into their state limitations law, *American Pipe* tolling is a federal doctrine that applies when "federal law supplies the limitations period"). Defendant's proposed appeal deals only with what that federal doctrine is.

Plaintiff's attempt to distort the basis for this Court's holding suffers from a further defect in the context of the Motion: appellate review under 28 U.S.C. § 1292(b) is not limited to the District Court's ultimate ruling, but can extend to "any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004); *see also XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193 (D.N.M. 2016) ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.") (quoting *McFarlin*, 381 F.3d at 1259). Here, the Court's analysis makes clear that it did not consider *China Agritech* to preclude outright any application of the *American Pipe* doctrine to successive class actions and instead considered *China Agritech* to be limited to the circumstances present in that case. The Court's

conclusion about the scope of *China Agritech*'s holding thus is the "pure law premise" that UHS seeks to appeal.

This purely legal question about the scope of *China Agritech*'s holding is a controlling issue that does not depend, as Plaintiff argues, on the particular facts of this case. Rather, this legal question is generally relevant to all cases in which a plaintiff relies on *American Pipe* tolling. As discussed above, Defendant's view—and that of the First, Third, and Ninth Circuits—is that *China Agritech* forecloses any application of the *American Pipe* tolling doctrine on a class-wide basis. If the Tenth Circuit agrees with Defendant and its sister Circuits, the unique circumstances of this or any case are irrelevant; under *China Agritech*, *American Pipe* tolling would apply only on an individual basis, not to class claims. Otherwise, the New Mexico court would be creating some new doctrine, broader than *American Pipe*, which the Court's Order does not suggest New Mexico courts would do.

**B.      Defendant Has Shown a Substantial Ground for Difference of Opinion**

In the Response, Plaintiff does not dispute that other appellate courts have reached a different conclusion regarding *China Agritech* than the Court reached here. Rather, Plaintiff argues, "the Court's holding was a state-law predictive ruling, not a free-floating interpretation of federal tolling doctrine." (Response at 6.)

This is incorrect. *American Pipe* tolling is a federal tolling doctrine. And it is that doctrine—not some broader or distinct rule of state law—that the Court held applicable to Plaintiff's NMMWA claims. Thus, the Court's Order distinguishing *China Agritech* necessitates a different reading of the case than that of the First, Third, and Ninth Circuits. As such, this is a case in which "the trial court ruled in a manner contrary to all courts of appeals which have reached the issue," thus establishing a substantial ground for difference of opinion. *See West v. BAM! Pizza*

*Mgmt., Inc.*, No. 1:22-CV-00209-SMD-JMR, 2025 WL 2879940, at \*2 (D.N.M. Oct. 9, 2025) (Davenport, J.) (citing *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

###### C. An Immediate Appeal May Materially Advance The Ultimate Termination of This Litigation

As Defendant argued in the Motion, a successful appeal would eliminate all class issues in this case, which in turn would: (1) make discovery narrower, and thus easier and less costly; (2) eliminate class-certification motion practice; and (3) remove the possibility of trial on a class basis. In response, Plaintiff seems to argue that, because Defendant has not disclosed how many Case Manager RNs worked in New Mexico or discussed the effect on the scope of discovery in detail, it is not clear that eliminating class claims would materially advance the ultimate termination of the litigation. (*See* Response at 10.)

Plaintiff acknowledges, however, that the class is likely between 25 and 300 individuals, though Plaintiff's counsel believes "the number is *far* less than 300." (*Id.*) It should go without saying that discovery in a single-plaintiff case will be less onerous and costly than any class-action-sized case. Moreover, Plaintiff's individual claims necessarily will be limited to the location where she worked, the time period during which she worked, the type of work she performed, and the supervisors with whom she worked. Plaintiff's argument that there is "significant overlap" between the discovery relevant to her individual claims and the discovery relevant to class claims thus ignores the substantial difference in scope between an individual claim and statewide claims, which necessarily would capture a broader time period, broader geographic area, different types of work and patient clientele, and additional supervisors.

Moreover, Plaintiff's reference to approximately 25 potential additional plaintiffs (Response at 10) is not relevant here. These individuals' hypothetical plan to join this litigation— which may never occur and which may be unsuccessful even if attempted—does not change the

6

fact that removing class claims from this lawsuit will have the immediate effect of streamlining discovery and motion practice.

## II.    CONCLUSION

Because UHS has satisfied all three requirements under Section 1292(b), the Court should grant UHS's request for an interlocutory appeal and certify for immediate review by the Court of Appeals for the Tenth Circuit the following question: whether, following *China Agritech*, *American Pipe* tolling can apply on a class basis.

Dated: May 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jesse M. Coleman*

    Jesse M. Coleman
    Texas Bar No. 24072044
    D.N.M. ID No. 24-183
    Rachel M. Hoffer
    Texas Bar No. 24065432
    D.N.M. ID No. 24-179
    700 Milam Street, Suite 1400
    Houston, Texas  77002-2812
    Telephone:  (713) 225-2300
    Facsimile:  (713) 225-2340
    jmcoleman@seyfarth.com
    rhoffer@seyfarth.com

    Robert Whitman
    New York Bar No. 2971703
    D.N.M. ID No. 24-184
    SEYFARTH SHAW LLP
    620 Eighth Avenue, Suite 3200
    New York, NY 10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526
    rwhitman@seyfarth.com

    ATTORNEYS FOR DEFENDANT
    UNITED HEALTHCARE SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of the District Court through the Court's CM/ECF system, which sent notification of such filing to all counsel of record.

Travis M. Hedgpeth
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
travis@hedgpethlaw.com

*/s/ Jesse M. Coleman*
Jesse M. Coleman